IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GWENDOLYN HIGHLAND and
SCOTT PINE, on their own behalf and on
behalf of all others similarly
situated,

          Plaintiffs,

vs.                                          CIV-No. 04-0711 JC/KBM

WAL-MART STORES, INC., a Delaware
Corporation,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Defendant's Motion to Dismiss or, in the Alternative, to Stay and Memorandum in Support Thereof*, filed August 24, 2004 (*Doc. 6*). Having considered the Motion, the parties' submissions, and the relevant authority, the Court finds the Motion well-taken in part, and it is, therefore, granted in part.

This action is brought by Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. §§ 201 *et seq.* Plaintiffs allege that Defendant improperly classified them as exempt from the overtime provisions of the FLSA in their positions as Assistant Store Managers. Plaintiffs seek to recover overtime payments allegedly due for the time they have worked in excess of forty hours per week. Plaintiffs also seek to proceed as a "collective action" under 20 U.S.C. § 216(b), which would allow other Assistant Store Managers an opportunity to "opt-in" to the litigation.[1]

---

[1] This type of quasi-class action, governed by the FLSA, does not proceed under Fed.R.Civ.P. 23. Instead, these actions are governed by the Act's collective action provisions,

Two other actions ostensibly sharing common questions of law and fact with this case were previously filed in the Western District of Michigan and resolution of those cases is pending. They are *Vickey Ramsey, et al. v. Wal-Mart Stores, Inc.* (Case NO. 1:02-CV-955) (filed December 23, 2002) and *Kimberly Comer, et al. v. Wal-Mart Stores, Inc.* (Case No. 1:04-CV-0108) (filed February 17. 2004). Defendant presently moves the Court to exercise its inherent authority to either (1) dismiss this case without prejudice to avoid duplicative and inefficient litigation; or in the alternative, (2) to issue a stay of all proceedings in this matter, pending the outcome of the Michigan litigation.

Defendant's argument is grounded in considerations of judicial economy, efficiency, fairness to the parties, avoidance of duplicative litigation, and potential for inconsistent rulings[2]. Indeed, as part of the Court's inherent power to control its docket, it may stay or dismiss a suit that duplicates another federal court suit for these reasons. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

In response, Plaintiffs, New Mexico residents, assert their right to litigate their claims in a convenient forum and argue that no ruling in either Michigan case could affect their substantive rights under the Act absent their filing of written consent pursuant to 29 U.S.C. § 216(b).[3] Additionally, Plaintiffs direct the Court's attention to the pending Motion to Approve Notice in the *Comer* case,

---

whereby if named plaintiffs are able to show that a group of similarly situated employees exists, the Court facilitates notice to that group and those receiving such notice may "opt-in." 20 U.S.C. § 216.

[2]This potential for divergence in outcome leads Defendant to postulate that Plaintiffs' attorneys, the same in all three suits, have filed in New Mexico to "hedge against a likely loss in Michigan." Def's Mot. at 4.

[3]Plaintiffs speculate that Defendant seeks merely to delay this litigation, thus postponing payment of any potential damages.

emphasizing that Plaintiffs have moved the Michigan court "to approve notice to those 'similarly situated' to advise the salaried assistant managers employed by Wal-Mart at any time during the past three years, *with the exception of those employed in the State of New Mexico*, of their rights guaranteed by the Fair Labor Standards Act and to provide them with the opportunity to 'opt-in', pursuant to 29 USC § 216 (b)." Pl's Resp., Ex. A (emphasis added).

Given Plaintiff's request for notice omitting New Mexico employees, without determining at this time how best this case should proceed, the Court will stay all proceedings in this matter until such time as the *Comer* court has ruled on the notice-related motion pending before it. Specifically, counsel in this case are directed to inform the Court promptly when a ruling is issued on the pending Motion to Approve Notice in the *Comer* case. Upon receipt and review of such ruling, the Court will reassess the direction this litigation shall take.

Wherefore,

**IT IS ORDERED** that *Defendant's Motion to Dismiss or, in the Alternative, to Stay and Memorandum in Support Thereof*, filed August 24, 2004 (*Doc. 6*) is GRANTED IN PART and all

proceedings in this matter are STAYED pending decision from the United States District Court for the Western District of Michigan as detailed above.

Dated October 19, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE