IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GWENDOLYN HIGHLAND and
SCOTT PINE, on their own behalf and on
behalf of all others similarly
situated,

           Plaintiffs,

vs.                                                      CIV-No. 04-0711 JC/KBM

WAL-MART STORES, INC., a Delaware
Corporation,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Plaintiffs' Motion to Lift Stay And Set Briefing Schedule*, filed January 19, 2005 (*Doc. 15*); *Defendant's Motion for Leave to File Supplemental Response in Opposition to Plaintiffs' Motion to Lift Stay Based on New Events in the Michigan Case* (*Comer*), filed March 14, 2005 (*Doc. 19*); and *Defendant's Motion for Leave to File Second Supplemental Response in Opposition to Plaintiffs' Motion to Lift Stay Based on Additional New Events in the Michigan Case* (*Comer*), filed March 24, 2005 (*Doc. 24*). Having considered the Motions, memoranda submitted by the parties, the relevant authority, and being otherwise fully advised, the Court GRANTS Defendant's motions (*Docs. 19 and 24*) and will set Plaintiffs' motion (*Doc. 15*) for hearing.

**Procedural Posture**

This action is brought by Plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA"). Plaintiffs allege that Defendant improperly classified them as exempt from the overtime provisions of the FLSA in their positions as Assistant Store Managers at Wal-Mart. Plaintiffs seek to recover overtime payments allegedly due for time they have worked in excess of forty hours per week. Plaintiffs also seek to proceed as a "collective action" under 20 U.S.C. § 216(b), which would allow other Assistant Store Managers an opportunity to "opt-in" to the litigation.[1]

Two other actions ostensibly sharing common questions of law and fact with this case were previously filed in the Western District of Michigan, and resolution of those cases is pending. They are *Vickey Ramsey, et al. v. Wal-Mart Stores, Inc.* (Case NO. 1:02-CV-955) (filed December 23, 2002) and *Kimberly Comer, et al. v. Wal-Mart Stores, Inc.* (Case No. 1:04-CV-0108) (filed February 17, 2004).

On October 19, 2004, the Court entered its Memorandum Opinion and Order (*Doc. 14*) granting in part Defendant's Motion to Dismiss or, in the Alternative, to Stay and Memorandum in Support Thereof (*Doc. 6*), staying all proceedings in this matter until such time as the *Comer* court ruled on the notice-related motion then pending before it. On January 4, 2005, the *Comer* court issued a ruling conditionally certifying a class, and approving notice thereto, consisting of "salaried assistant managers employed by Wal-Mart at any time in the past three years only within Wal-Mart's 'Region 3', *i.e.* the management region for Michigan, Northern Indiana and Northern Ohio." *Comer v. Wal-Mart*, Case No. 1:02-CV-955, Opinion filed January 4, 2005 at 5. That ruling also stated that

---

[1]This type of quasi-class action, governed by the FLSA, does not proceed under FED.R.CIV.P. 23. Instead, these actions are governed by the Act's collective action provisions, whereby if named plaintiffs are able to show that a group of similarly situated employees exists, the Court facilitates notice to that group and those receiving such notice may "opt-in." 20 U.S.C. § 216.

the conditional certification was subject to review for possible expansion following completion of significant discovery.  Plaintiffs then moved this Court to lift the stay, arguing that the limited geographic scope of the conditional certification left "no chance that the *Comer* court will order notice to a geographical area that includes New Mexico." (*Doc. 15 at 2*).  Defendant responded that the stay should remain in place on several grounds:   (1) Defendant had a pending motion for reconsideration of the January 4, 2005 ruling before the *Comer* court; (2) the factors that led the Court to grant the stay--conservation of resources and deterrence of inconsistent rulings--still exist; and (3) the *Comer* court had expressly stated that its conditional certification was subject to later review following discovery.[2]  Subsequently, on March 9, 2005, *Comer* Plaintiffs filed a Motion For Nationwide Notice And Expedited Consideration, which requested notice be given to past and present Wal-Mart Assistant Managers nationwide.  That motion prompted Defendant to move this Court for leave to supplement its response (*See Docs. 19, 20*) to Plaintiffs' Motion to Lift Stay (*Doc. 15*).  On March 18, 2005, the *Comer* Plaintiffs filed their Amended Motion For Nationwide Notice And Expedited Consideration.  That motion seeks to exclude New Mexico from the purview of the requested nationwide notice.  Defendant then moved this Court for leave to file a second amended response to Plaintiffs' Motion to Lift Stay (*See Doc. 24 and Ex. A thereto*) in order that it might address potential implications of the request in the new *Comer* motion on the instant, stayed proceeding.

**Conclusion**

---

[2]The basis for Defendant's motion for reconsideration in *Comer* is Defendant's contention that the *Comer* court misunderstood the procedural posture of that case, overlooking extensive discovery having been completed, and thus applied the wrong standard to plaintiffs' motion for certification.  To date, the Court has not been apprized of the ruling, if any, on that motion.

The Court appreciates that Defendant's supplemental responses are necessary surreplies filed with proper request for leave to do so. Thus, the Court considers them. Next, the Court shall set this matter for a hearing on the merits of *Plaintiffs' Motion to Lift Stay And Set Briefing Schedule*, filed January 19, 2005 (*Doc. 15*).

WHEREFORE,

**IT IS ORDERED that**:

I. *Defendant's Motion for Leave to File Supplemental Response in Opposition to Plaintiffs' Motion to Lift Stay Based on New Events in the Michigan Case* (*Comer*)**, filed March 14, 2005 (***Doc. 19***) is GRANTED; and**

II. *Defendant's Motion for Leave to File Second Supplemental Response in Opposition to Plaintiffs' Motion to Lift Stay Based on Additional New Events in the Michigan Case* (*Comer*)**, filed March 24, 2005 (***Doc. 24***) is GRANTED; and**

III. *Plaintiffs' Motion to Lift Stay And Set Briefing Schedule*****, filed January 19, 2005 (***Doc. 15***) is set for hearing in accordance with the Notice of Hearing filed contemporaneously herewith.**

Dated September 15, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:

    Shane Youtz. Esq.
    Albuquerque, NM

    John Underhill, Esq.
    Marie, Michigan

    Harry Ingleson, II, Esq.
    Petoskey, MI

    John B. Ingleson, Esq.

       Murfreesboro, TN

Attorneys for Defendant:

       Cerianne L. Mullins, Esq.
       Albuquerque, NM

       Rebecca D. Farber, Esq.
       Neal D. Mollen, Esq.
       Judith M. Kline, Esq.
       Washington, DC